

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 10 2016 ★

BROOKLYN OFFICE

JDG:EMN:MKM/SPN/TH/BDM
F.#2015R00747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

RAFAEL ESQUIVEL,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

15 CR 252 (S-1) (PKC)

WHEREAS, on or about November 10, 2016, RAFAEL ESQUIVEL (the

"defendant") entered a plea of guilty to Counts One, Two, Five, Nine, Ten, Eighty-Three and

Eighty-Four of the above-captioned Superseding Indictment, charging violations of 18 U.S.C.

§ 1962(d), 18 U.S.C. § 1956(h) and 18 U.S.C. § 1349;

WHEREAS, the defendant acknowledges that money and property are subject to

forfeiture as a result of his violations of 18 U.S.C. §§ 1962(d), 1349 and 1956 (h), as alleged in

the Superseding Indictment; and

WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and

28 U.S.C. § 2461(c), the defendant consents to the forfeiture of (a) the sum of sixteen million

four hundred sixty thousand dollars and no cents ($16,460,000.00), which represents monies that

the defendant received in bribes and/or kickbacks in connection with the Copa Libertadores,

Copa Sudamericana, Recopa Sudamericana, Copa América, and FIFA World Cup tournaments,

as well as FVF sponsorship and licensing contracts, from in our about and between 1991 and

2015 (the "Forfeiture Money Judgment") and (b) all right, title and interest in the property listed

in Exhibit A (the "Forfeited Assets") as: (i) property that the defendant acquired an interest in

and maintained in violation of 18 U.S.C. § 1962, property that the defendant has an interest in,

security of, claims against and property and contractual rights that afford a source of influence

over the enterprise that the defendant established, operated, controlled, conducted and

participated in the conduct of, in violation of 18 U.S.C. § 1962, property that the defendant

derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation

of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. §

1963(m); (ii) property, real or personal, which constitutes or is derived from proceeds traceable

to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with

the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (iii) property,

real or personal, involved in the defendant's violations of 18 U.S.C. § 1956(h), or property

traceable to such property, and/or as substitute assets in accordance with the provisions of 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and

between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States the full amount of the

Forfeiture Money Judgment and the Forfeited Assets, pursuant to 18 U.S.C. §§ 1963(a) and

1963(m), 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.     The defendant acknowledges that the Office, at its sole discretion, may

seek to forfeit the Forfeited Assets and the amount of the Forfeiture Money Judgment through

commencement of an administrative or civil forfeiture proceeding.   The defendant consents to

the entry of an administrative declaration of forfeiture as to the Forfeited Assets and any

payments made towards the Forfeiture Money Judgment and waives the requirements of 18

U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.

3.     The defendant further waives the filing of a civil forfeiture complaint as to

the Forfeited Assets and any payments made towards the Forfeiture Money Judgment in

accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute

any documents necessary to effectuate the administrative or civil forfeiture of the Forfeited

Assets and any payments made towards the Forfeiture Money Judgment. Upon final forfeiture

of the Forfeited Assets to the United States, the value thereof shall be credited towards payment

of the Forfeiture Money Judgment.

4.     The defendant shall pay the balance of the Forfeiture Money Judgment

pursuant to a payment schedule to be determined by the Court at the defendant's sentencing (the

"Payment Schedule").

5.     All payments towards the Forfeiture Money Judgment shall be made by

certified or bank check, payable to the United States Marshals Service, and delivered by hand or

overnight courier in accordance with the Payment Schedule to Assistant United States Attorney

Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza

East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the

checks.

6.     The defendant acknowledges that the Forfeited Assets and all funds paid

by the defendant pursuant to this Order shall be subject to a restitution hold to ensure their

availability to satisfy any order of restitution entered at sentencing for the benefit of any

individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663

and 3663A. In the event that the Court enters an order of restitution for the benefit of any such

victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or his or her designee of the Forfeited Assets and the funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. §§ 853(i) and 1963(g), and 28 C.F.R. Part 9.   The defendant acknowledges that the decision to grant remission or restoration of such assets and funds lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such assets and funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

7.     If any payments towards the Forfeiture Money Judgment are not paid in accordance with the Payment Schedule, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2).   If the defendant fails to pay any portion of the Forfeiture Money Judgment in accordance with the Payment Schedule, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

8.     The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Assets and payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the Forfeited Assets and any substitute assets to the United States.   The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets and any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

9.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.   In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

10.      The defendant agrees that the forfeiture of the Forfeited Assets and the entry or payment of the Forfeiture Money Judgment are not to be considered a fine or a payment on any income taxes or civil penalties that may be due.

11.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant.   Pursuant to Fed.R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction.   If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).   At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

12.      The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

13.      This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       November 10, 2016

s/PKC

HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK